[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT (#126)
The marriage of the parties was dissolved on April 29, 1996. At the time the judgment of dissolution entered, the parties had two minor children, to wit, Patrick Michael Wood, born June 2, 1985 and Christopher Thomas Wood, born May 4, 1990. The Court ordered the plaintiff to pay $150.00 per week per child as child support and $150.00 per week alimony.
The defendant filed the instant motion with the Court on October 26, 1999, and seeks to modify the child support orders that were entered on April 26, 1996 on the basis that there had been a substantial change of circumstances and that the child support should be modified in accordance with the child support guidelines.
Counsel for both parties filed memorandums of law and/or briefs in support of their respective positions on February 25, 2000. As part of CT Page 6943 the plaintiff's submission, a request was made of the Court for oral argument. Thereafter, oral argument was
The plaintiff claims that the $150.00 per week alimony that he was ordered to pay to the defendant should be deductible by him and includable by the wife for purposes of determining the child support obligation in accordance with the most recent child support guidelines. The Court agrees with this position.
The next issue raised by the plaintiff was whether or not the military pay received should be includable in the child support computation on the basis that the plaintiff works more than 52 hours in connection with his principal employment even though his compensation was in the nature of a salary as opposed to an hourly basis. The Court disagrees with the plaintiff and, for purposes of computing the child support, the military pay of the plaintiff should be includable.
The third issue raised by the plaintiff is whether or not the plaintiff should be entitled to average his bonuses and commissions over a three year period as opposed to a two year period as requested by the defendant. The Court agrees with the plaintiff that the bonuses and commissions should be average over a three year period.
The remaining issue is the allocation of the tax exemptions. The plaintiff seeks to claim both children as tax exemptions because of his child support obligation and the disproportionate amount of earnings between him and the defendant. The child support obligation terminates upon age 18 or upon graduation from high school, but no later than age 19. The tax exemptions can be claimed by the plaintiff for each year in which he contributes for a full year but the year in which the child support obligation terminates, then the tax exemptions shall revert to the defendant. In consideration of the exemptions being claimed by the plaintiff, the plaintiff is ordered obligation terminates, then the tax exemptions shall revert to the defendant. In consideration of the exemptions being claimed by the plaintiff, the plaintiff is ordered to compute his taxes each year, both with and without the exemptions. The difference in tax savings accruing to the plaintiff shall be shared with the defendant on the basis of the same proportion of child support which each of the parties are required to pay.
Counsel for the parties are directed to prepare child support guidelines worksheets and submit them to the Court within two weeks. Upon receipt of the submissions, the Court will enter the child support orders and decide the issue of retroactivity at that time.
John R. Caruso, J. CT Page 6944